Alvin Hawkins, J.,
delivered the opinion of the Court.
*640 The note sued' on in this action, is for $1,562, and upon its face bearing interest at the rate of ten per cent, per annum. At the date of the note, 18th January, 1862, six per cent, per annum was the lawful rate of interest. More was unlawful, and usurious, and the receipt thereof an indictable offense.
The plaintiff brings into Court and seeks the enforcement of a contract illegal on its face, and sets out the illegality in his declaration. No court will lend its active aid to a plaintiff to enforce a contract containing on its face illegal stipulations; and where he, himself, discloses the illegality of the contract, it is the duty of the Court, upon grounds of public policy, to repel the plaintiff. The rule is different, where the illegality of the contract is disclosed by the defendant: 6 Humph., 277; 8 Humph., 605, 415.
Upon the trial in the Circuit Court, the Judge charged the jury, among other things, in substance: that if the note sued on, was given in consideration of another and pre-existing note, the plaintiff would be entitled to recover the amount of the note, with interest thereon, at the rate of six per cent, per annum, from the date of its maturity. This was erroneous.
Instead of the plaintiff being entitled to a recovery upon the note sued on and described in the declaration, it was the duty of the Court to have dismissed the suit. And, inasmuch as the plaintiff in the court bp-low, has recovered a decree against the defendants in a court of chancery, for the amount of his debt, with lawful interest, the judgment of the Circuit Court will be reversed, and the suit dismissed.